UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
Chris Cicoletti,

                Plaintiff,

     -against-

Cavalry Portfolio Services LLC,

                Defendant.
------------------------------------------------------X

FILED
U.S. D[...]
2013 MAR 18 PM 4:22

Civil Action No.:_____

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

13 CV 1804

Plaintiff Chris Cicoletti (hereinafter referred to as "Plaintiff"), by and through his attorneys, Fredrick Schulman & Associates, Attorneys at Law, as and for his Complaint against Defendant Cavalry Portfolio Services LLC ("Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTORDUCTION

1. Plaintiff brings this action seeking damages and declaratory relief arising from the Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA") and 47 U.S.C. §227 *et seq.*, commonly referred to as the Telephone Consumer Protection Act (hereinafter referred to as the "TCPA").

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et. seq.*, 47 U.S.C. §227 *et seq.*, and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

1

## PARTIES

4. Plaintiff is an individual who is a resident of the State of North Carolina, Mecklenburg County, residing at 1755 Sterling Road Charlotte, North Carolina 28209. At all relevant times herein, Plaintiff maintained his residence at this address.

5. Upon information and belief, Defendant is a corporation incorporated under the laws of the State of Delaware and authorized to conduct business in the State of North Carolina.

6. Upon further information and belief, Defendant is engaged in the business of collecting debts incurred, and alleged to be incurred, and is a collection firm with its principal place of business at 500 Summit Lake Dr, Suite 400, Valhalla, New York 10595, in Westchester County.

7. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

8. Upon information and belief and at all relevant times herein, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA. In fact, upon information and belief, on a website maintained by Defendant at the URL address of www.cavalryportfolioservices.com, Defendant informs visitors to the site "Founded in 1998, Cavalry is becoming a leader in the acquisition and management of non-performing consumer loan portfolios". Thus, Defendant holds itself out as an entity engaged in the business of being a "debt collector" and is subject to the requirements of the FDCPA.

9. Upon information and belief, Defendant was attempting to collect a "debt" from Plaintiff as that term is defined in 15 U.S.C. §1692a(2) of the FDCPA.

10. Upon further information and belief, and at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## FACTS

11. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "10" herein with the same force and effect as if the same were set forth at length herein.

12. A consumer unrelated and unknown to Plaintiff, named "Melissa Carter", allegedly incurred a debt to an unidentified creditor. Upon information and belief, the nature of the underlying debt allegedly owed by "Melissa Carter" is the type of debt that the FDCPA was designed to regulate.

13. Beginning in or about November 2012, Defendant commenced collection activities against Plaintiff to recover the debt that Defendant believed "Melissa Carter" was obligated to pay (hereinafter referred to as the "Alleged Debt").

14. In or around November 2012, Defendant began calling Plaintiff's home attempting to collect the Alleged Debt.

15. Plaintiff immediately told Defendant that Defendant had the wrong party; that Plaintiff did not owe this debt, and did not know anyone named "Melissa Carter".

16. Nonetheless, Defendant continued calling and harassing Plaintiff, demanding payment, despite the fact that Defendant knew that it was not Plaintiff's debt.

17. Defendant called Plaintiff numerous times on his landline telephone via an automated calling system, and disseminated pre-recorded messages to the telephone number called (hereinafter referred to as "Autodialer").

18. The messages that were left on Plaintiff's phone were for "Melissa Carter".

19. Plaintiff asked Defendant to stop calling, but Defendant recklessly and intentionally disregarded Plaintiff's request and continued its calls.

20. The calls by the Autodialer were made to Plaintiff's telephone without prior consent or authorization, and were excessive, extremely inconvenient, and invasive to the Plaintiff, and Plaintiff suffered therefrom.

21. The foregoing action by Defendant violated 15 U.S.C. §1692d, which prohibits the use of any conduct the natural consequence of which is to harass, oppress, or abuse any person.

22. The foregoing action by Defendant violated 15 U.S.C. §1692d(5), which prohibits causing a telephone to ring repeatedly or engaging a person in conversation repeatedly.

23. The foregoing action by Defendant violated 15 U.S.C. §1692e, which prohibits the use of any false, deceptive or misleading representation or means in attempt to collect a debt.

24. The foregoing action by Defendant violated 15 U.S.C. §1692e(2), which prohibits misrepresenting the character, amount, or legal status of an alleged debt.

25. The foregoing action by Defendant violated 15 U.S.C. §1692e(10), which prohibits the use of false representation and deceptive means in attempt to collect a debt.

26. The foregoing action by Defendant violated 15 U.S.C. §1692f which prohibits using unfair and unconscionable means in attempt to collect a debt.

27. The foregoing action by Defendant violated 15 U.S.C. §1692f(1) which prohibits attempting to collect an amount unless authorized by an agreement or permitted by law.

28. The above-mentioned action by Defendant violated 47 U.S.C. §227(b)(B) which prohibits placing a non-emergency telephone call to a residential phone line using an automatic telephone dialing system or a pre-recorded or artificial voice without obtaining prior express consent, when it placed said called without first obtaining Plaintiff's consent, and despite Plaintiff's repeated pleadings for Defendant to stop.

29. The aforementioned action by Defendant violated NY CLS Gen BUS §399-p(3) in that Defendant placed telephone calls through the use of an automatic dialing-announcing device, and failed to state at the beginning of the calls the nature of the call and also failed to state at the end of such message the address, and telephone number of the person on whose behalf the message was being transmitted in violation of said law.

30. As a result of the Defendant's deceptive, misleading, and/or unfair debt collection practices, the Plaintiff has been damaged.

31. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

## FIRST CAUSE OF ACTION
## (VIOLATION OF 15 U.S.C. § 1692d)

32. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. Defendant's conduct violated 15 U.S.C. §1692d in that Defendant used conduct the natural consequence of which is to harass, oppress, or abuse any person.

34. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION
## (VIOLATION OF 15 U.S.C. § 1692d(5))

35. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "34" herein with the same force and effect as if the same were set forth at length herein.

36. Defendant's conduct violated 15 U.S.C. §1692d(5) in that Defendant caused Plaintiff's phone to ring repeatedly, despite Plaintiff's continuous requests that Defendant stop calling.

37. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## THIRD CAUSE OF ACTION
## (VIOLATION OF 15 U.S.C. § 1692e)

38. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "37" herein with the same force and effect as if the same were set forth at length herein.

39. Defendant's conduct violated 15 U.S.C. §1692e in that Defendant used false, deceptive, and misleading representation and means in attempt to collect the Alleged Debt.

40. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FOURTH CAUSE OF ACTION
## (VIOLATION OF 15 U.S.C. § 1692e(2))

41. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "40" herein with the same force and effect as if the same were set forth at length herein.

42. Defendant's conduct violated 15 U.S.C. §1692e(2) in that Defendant misrepresented the character, amount, or legal status of the Alleged Debt.

43. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FIFTH CAUSE OF ACTION
## (VIOLATION OF 15 U.S.C. § 1692e(10))

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "43" herein with the same force and effect as if the same were set forth at length herein.

45. Defendant's conduct violated 15 U.S.C. §1692e(10) in that Defendants used false representation and deceptive means in its attempt to collect the Alleged Debt.

46. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SIXTH CAUSE OF ACTION
## (VIOLATION OF 15 U.S.C. § 1692f)

47. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "46" herein with the same force and effect as if the same were set forth at length herein.

48. Defendant's conduct violated 15 U.S.C. §1692f in that Defendant used unfair and unconscionable means in attempt to collect the Alleged Debt.

49. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692f(1)

50. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "49" herein with the same force and effect as if the same were set forth at length herein.

51. Defendant's conduct violated 15 U.S.C. §1692f(1) in that Defendant attempted to collect an amount not owed by Plaintiff and not permitted by law.

52. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## EIGHTH CAUSE OF ACTION
### (Violations of the Telephone Consumer Protection Act - 47 U.S.C. § 227, et seq.)

53. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "52" herein with the same force and effect as if the same were set forth at length herein.

54. Defendant made telephone calls to Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(B).

55. Defendant continued said calls despite Plaintiff's numerous requests that the calls stop.

56. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Telephone Consumer Protection Act.

57. Plaintiff is entitled to damages as a result of the Defendant's violations.

## NINETH CAUSE OF ACTION
### (Violation of NY CLS Gen BUS §399-p)

58. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "57" herein with the same force and effect as if the same were set forth at length herein.

59. Defendant's conduct violated NY CLS Gen BUS §399-p(3) in that Defendant placed telephone calls through the use of an automatic dialing-announcing device, and failed to state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted, and also failed to state at the end of such message the address, and telephone number of the person on whose behalf the message was being transmitted.

60. As a result of Defendant's violation of the NY CLS Gen BUS §399-p(3), Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the NY CLS Gen BUS §399-p(3).

## DEMAND FOR TRIAL BY JURY

61. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Chris Cicoletti demands judgment from the Defendant Cavalry Portfolio Services LLC, as follows:

A. For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2):

C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D. For a declaration that the Defendant's practices violated the FDCPA;

E. For statutory damages pursuant to 47 U.S.C. §227b(3)(B)&(C); and,

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
March 15, 2013

Respectfully submitted,

By: _____
Fredrick Schulman, Esq. (FS2664)
Fredrick Schulman & Associates
Attorneys at Law
Attorney for Plaintiff
30 East 29TH Street
New York, New York 10016
info@fschulmanlaw.com
P: (212) 796-6053
F: (212) 951-7379